Mary Sue Henifin, Esq.
Tod S. Chasin, Esq.
**BUCHANAN INGERSOLL**
**PROFESSIONAL CORPORATION**
(Incorporated in Pennsylvania)
700 Alexander Park, Suite 300
Princeton, New Jersey
(609) 987-6800
Attorneys for Defendants,
  Smartpool, Inc. and Richard Holstein

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| AQUA PRODUCTS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| *-against-* | ) | |
| | ) | Civil Action No. 05-5856 (SRG) |
| | ) | |
| SMARTPOOL, INC. and | ) | |
| RICHARD HOLSTEIN, | ) | THIRD PARTY COMPLAINT |
| | ) | AND JURY DEMAND |
| Defendants. | ) | |
| | ) | |
| SMARTPOOL, INC., | ) | |
| | ) | |
| Third-Party Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MAYTRONICS, LTD. | ) | |
| | ) | |
| Third-Party Defendant. | ) | |

The Defendant/Third-Party Plaintiff, Smartpool, Inc. ("Smartpool"), alleges as follows:

PARTIES

1. Upon information and belief, Plaintiff, Aqua Products, Inc. ("Aqua Products") is a corporation organized and existing in the State of Delaware, with offices at 25 Rutgers Avenue, Cedar Grove, New Jersey.

2. Defendant and Third-Party Plaintiff, Smartpool, is a corporation organized and existing in the State of Delaware, with offices at 687 Prospect Street, Lakewood, New Jersey.

3. Third-Party Defendant, Maytronics, Ltd. ("Maytronics"), is a corporation organized and existing under the laws of Israel, having a principal place of business in Kibbutz Yizre 'el, Israel.

4. Maytronics manufactures swimming pool products including robotic pool cleaners, and transacts business within this judicial district, including the sale to Smartpool in New Jersey of the Dolphin product.

5. This Court has jurisdiction under 28 U.S.C. § 1338 over the claims asserted in the Complaint by virtue of the nature of the dispute involving one or more United States Patents, i.e., 6,742,613 ("'613 Patent"), 6,099,658 ("'658 Patent"), and 6,758,226 ("'226 Patent").

6. This Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) over the claims asserted in the Third-Party Complaint because the claims asserted in the Third-Party Complaint arise out of the same facts and circumstances as the claims asserted in the Complaint and are so related to the claims asserted in the Complaint that they form part of the same case and controversy under Article III if the United States Constitution.

2

**CLAIMS FOR RELIEF**

7. Aqua Products filed a Complaint against, *inter alia*, Smartpool, a copy of which is attached as Exhibit "A."  Aqua Products' Complaint alleges that it is the owner of the '613, '658, and '226 Patents.  The Complaint asserts*, inter alia*, a claim against Smartpool for infringement of these Patents as a result of SmartPool's resale of allegedly infringing products purchased from Maytronics.

8.  In 2001, Smartpool began purchasing the allegedly infringing Dolphin robotic pool cleaner product, ("Dolphin Product") from Maytronics with the understanding that Maytronics would  defend, indemnify and save Smartpool harmless from and against any claims, demands and/or liability for patent infringement by reason of Smartpool's purchase, use, and/or sale of Maytronics' allegedly infringing Dolphin product.

9. Smartpool purchased from time to time the allegedly infringing Dolphin product from Maytronics and resold it to others.

10. Maytronics is a merchant regularly dealing in goods of the Dolphin kind or type.

11. In the event Smartpool is adjudged liable to Aqua Products for patent infringement claims in the Complaint, then Maytronics is or may be liable to Smartpool, for all or part of Aqua Products' claims against Smartpool.

COUNT I
(Express Indemnification)

12. By virtue of the  agreement, referenced hereinabove, an adjudication of liability against Smartpool is a breach of said agreement, directly and proximately causing damages to Smartpool as a result of Smartpool's resale of allegedly infringing Dolphin products purchased from Maytronics.

## COUNT II
(Uniform Commercial Code Indemnification)

13. The allegations of paragraphs 1-10 of this Third-Party Complaint are incorporated herein by reference as if set forth in their entirety.

14. Section 2-312(3) of the Uniform Commercial Code, as adopted by New Jersey, imposes a duty upon a merchant who regularly deals in like goods to ensure that no claim of infringement is made by a third-party to mar the buyer's title.

15. An adjudication of liability against Smartpool is a breach of that duty, directly and proximately causing damages to Smartpool as a result of Smartpool's resale of allegedly infringing Dolphin products purchased from Maytronics.

## COUNT III
(Implied Indemnity)

16. The allegations of paragraphs 1-10 of this Third-Party Complaint are incorporated herein by reference as if set forth in their entirety.

17. Implied indemnity exists as an equitable remedy to prevent an unjust or unsatisfactory result.

18. An adjudication of liability against Smartpool, the reseller of the Dolphin product, without a concomitant adjudication against Maytronics, who is the manufacturer and seller of the allegedly infringing Dolphin product, would produce an unjust and/or unsatisfactory result.  The liability of Smartpool is vicarious and any unauthorized or wrongful conduct is attributable to Maytronics, alone.

WHEREFORE, Smartpool demands judgment against Maytronics:

A.      For all sums that may be adjudged against Smartpool in favor of Aqua Products in this action;

B.      For all sums reasonably incurred by Smartpool in the defense of the Complaint and the prosecution of the Third-Party Complaint;

C.      For all of Smartpool's costs of suit; and

D.      For any and all other relief to which Smartpool may be entitled.


Respectfully submitted,


BUCHANAN INGERSOLL P.C.


By: _/s/ Tod S. Chasin_____
          Tod S. Chasin (TC-0122)
          Mary Sue Henifin (MH-5353)
          700 Alexander Park
          Princeton, NJ  08540
          (609) 987-6800

- and -

BIRCH, STEWART, KOLASCH & BIRCH, LLP
   Quentin R. Corrie
    8110 Gatehouse Road
    Suite 100 East
    Falls Church, VA 22042
    (703) 205-8000

    Counsel for Defendants
    Smartpool, Inc. and
    Richard Holstein


Date:   February 16, 2006